IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

GIFFORD RAY                                                              PETITIONER

v.                              No. 6:16-cv-6044-PKH-BAB

WENDY KELLY                                                            RESPONDENT
Director, Arkansas Department of
Correction

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Petition for *Habeas Corpus* Relief filed herein by **GIFFORD RAY**,

(hereinafter referred to as "Ray"), an inmate confined in the Arkansas Department of Correction.

(ECF No. 1).  The Respondent has been served and has filed a Motion to Dismiss for Lack of

Jurisdiction.  ECF No. 12. The motion was referred to the undersigned for findings of fact,

conclusions of law, and recommendations for the disposition of the case.

1.  Procedural Background[1]:

On June 29, 1990, Ray was convicted of first degree murder in the Circuit Court of Hot

Spring County, Arkansas.  He was sentenced to life in prison without parole.  He appealed his

conviction to the Arkansas Supreme Court and the conviction and sentence were affirmed on June

21, 1991.  *See Ray v. State*, 304 Ark. 489, 803 S.W.2d 894 (1991).  In 1993, Ray filed a petition for

post conviction relief in state court.  This petition was dismissed as untimely by the trial court.

Again, the Arkansas Supreme Court affirmed the trial court.  *See Ray v. State*, CR-97-915 (Ark.

Sept. 24, 1998)(unpublished *per curium*).

---

[1] The procedural history is taken from the pleadings of the parties in this case.

Ray filed his first petition for *habeas corpus* relief in this Court on August 10, 1992. *See Ray v. Norris*, No. 6:92-cv-6078. This initial petition contained eleven (11) different grounds for relief. The 1992 petition was denied by this Court on December 6, 1993. ECF No. 13-5.[2]  Ray appealed this denial to the United States Court of Appeals for the Eighth Circuit and on October 28, 1994, the Court of Appeals denied Ray's application for probable cause to appeal. ECF No. 13-6. The United States Supreme Court denied Ray's Petition for Writ of *Certiorari* on November 14, 1994. ECF No. 13-7.

On April 13, 2015, Ray filed a motion for new trial in the state trial court. The trial court denied the motion and Ray appealed. In a *per curium* opinion, the Arkansas Supreme Court dismissed his appeal stating it was "clear that Ray cannot prevail on appeal" because his motion for new trial, like the post-conviction motion filed in 1993, was untimely. *Ray v. State*, 2015 Ark. 489 (2015).

**2.  Instant Petition**:

On May 12, 2016, Ray filed the instant Petition. ECF No. 1. He does not specifically identify the grounds for relief, rather, he includes copies of the pleadings in his prior state and Federal post-conviction proceedings. *Id.* The Court therefore assumes he is raising the same issues as were presented in the 1992 Petition.

On July 21, 2016, Ray filed a Motion to Correct an Illegal Sentence, which this Court construes as a "supplement" to his Petition. ECF No. 14. In this supplement, Ray alleges a claim of denial of a bifurcated trial and argues he is serving an illegal sentence under Arkansas law.

---

[2]The 1992 Petition was initially denied on April 7, 1993. On appeal the Eighth Circuit remanded the case for consideration of Ray's Fifth Amendment Claims. The Petition was then denied again on December 6, 1993 by this Court. ECF No. 13-5.

The Respondent filed her Motion to Dismiss for Lack of Jurisdiction on July 18, 2016.  ECF No. 12.  In this Motion Respondent argues Ray is pursuing a second or successive petition without first obtaining permission from the Eighth Circuit.  Ray then filed an Objection stating he had been pursuing his rights diligently and he was denied effective assistance of counsel when presenting the 1992 petition for *habeas corpus* relief to this Court.  ECF No. 16.  Ray claims he filed the instant Petition within one year of the Arkansas Supreme Court denying his Motion for a New Trial in 2015.  In his second Objection to this Motion to Dismiss, Ray asserts he filed a motion with the Eighth Circuit seeking permission to file a second *habeas* petition on August 12, 2016.  ECF No. 18.  Further, in this second Objection, Ray again states he has been diligently pursuing his rights.

**3.  Ray's Request to file Second or Successive Petition**:

On August 12, 2016, Ray filed an application for permission to file a successive *habeas* petition with the Eighth Circuit.  *See Ray v. Kelley*, No. 16-3349 (8th Cir. 2016).  He made the following arguments before the Eighth Circuit:

a.  He was denied counsel in a belated state post-conviction proceeding;

b.  The state trial court failed to "lodge the records" for an appeal to the Arkansas Supreme Court;

c.  His family had to pay for the transcript of the hearing held before the state trial court;

d.  He was denied effective counsel in his 1993 Federal *habeas corpus* proceeding;

e.  He had been diligently pursuing his rights;

f.  He is a *pro se* litigant with limited legal knowledge; and

g.  He was denied a bifurcated trial and access to the court during his 1992 criminal trial.

Respondent objected to this Application before the Eighth Circuit.  She notes that while Ray did not provide a copy of the instant Petition to the Eighth Circuit he appeared to be asking for permission to proceed with this Petition.  Respondent objected to Ray's application arguing he had not met the standard required for filing a second or successive petition.

On October 3, 2016, the United States Court of Appeals for the Eighth Circuit denied Ray's request to file a second or successive petition in this Court.  ECF No. 19-1.

## 4.  Discussion:

Before this Court may consider a second or successive petition for *habeas corpus* relief, Ray must first obtain authorization from the appropriate court of appeals, in this case the United States Court of Appeals for the Eighth Circuit.  *See* 28 U.S.C. § 2244(b)(2). Absent the Eighth Circuit granting permission to proceed pursuant to § 2244, "the District Court was without jurisdiction to entertain" Ray's instant Petition.  *Burton v. Stewart*, 549 U.S. 147, 153 (2007).

The Court of Appeals specifically denied Ray's request to proceed in this matter on October 3, 2016.  ECF No. 19.  Accordingly, this Court lacks jurisdiction to consider the Petition in this matter.  Ray's Petition for *Habeas Corpus* Relief (ECF No. 1) should be denied and this matter dismissed for lack of jurisdiction as a successive petition.

## 5.  Recommendation:

Accordingly, based on the foregoing, it is recommended the instant Petition for *Habeas Corpus* Relief (ECF No. 1) be **DENIED**.[3]   Further, I recommend no Certificate of

---

[3]  "A federal court may dismiss a claim without an evidentiary hearing where the allegations are frivolous, where the allegations fail to state a constitutional claim, where the relevant facts are not in dispute, or where the dispute can be resolved on the basis of the record."  *Urquhart v. Lockhart, 726*

Appealability be issued in this case.

**The parties have fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

**DATED** this **17th day of October 2016.**

 /s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE

_____

*F.2d 1316 (8th Cir.1984).*